IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

INNOVELIS, INC.

        Plaintiff,

        v.

AUCH; BOOMPOW INTERNATIONAL; CO2CREA; COSMOS; JELLY COMB; KONSAIT; OUMERS, INC.; SHENZHEN HAPURS TECHNOLOGY CO., LIMITED; SUSAN'S GADGETS; TURCOM; TVOKA; and JOHN DOE ENTITIES 1 THROUGH 20 (whose true names are unknown),

        Defendants.

**Civil Action No. _____**

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

1. Plaintiff Innovelis, Inc. ("Innovelis" or "Plaintiff"), for its Complaint against Defendant AUCH; Boompow International; co2CREA; Cosmos; Jelly Comb; Konsait; Oumers, Inc.; Shenzhen Hapurs Technology Co., Limited; Susan's Gadgets; Turcom; Tvoka; and JOHN DOE ENTITIES 1 THROUGH 20 (collectively referred to as "Defendants"), alleges the following:

## NATURE OF THE ACTION

2. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

3. Plaintiff Innovelis is a company organized under the laws of the state of Minnesota. Innovelis has its principal place of business at 4713 231st Place SE, Sammamish, WA 98075 (U.S.A.).

4. Upon information and belief, Defendant AUCH is a foreign entity with no known place of business. Defendant does not publically list any information regarding its place of business, and upon numerous requests, Defendant has refused to release any information

regarding its place of business. Defendant sells and offers to sell products throughout the United States (via www.amazon.com), including this judicial district. Because the Plaintiff has been unable to locate Defendant, this complaint will identify Defendant by its infringing mounting product ("Product 1"), as illustrated by Figures 1-3 in Exhibit 1 (see www.amazon.com/Cosmos-MD199LL-AirPort-Express-Station/dp/B00C2JNGB2).

5. Upon information and belief, Boompow International is a foreign entity with no known place of business. Defendant does not publically list any information regarding its place of business, and upon numerous requests, Defendant has refused to release any information regarding its place of business. Defendant sells and offers to sell products throughout the United States (via www.amazon.com), including this judicial district. Because the Plaintiff has been unable to locate Defendant, this complaint will identify Defendant by its infringing mounting product ("Product 2"), as illustrated by Figures 1-16 in Exhibit 2 (see www.amazon.com/Boompow-Creative-Universal-Mounting-SkyStreamX/dp/B00W35UCUI).

6. Upon information and belief, Defendant co2CREA is a foreign entity with no known place of business. co2CREA does not publically list any information regarding its place of business, and upon numerous requests, co2CREA has refused to release any information regarding its place of business. co2CREA sells and offers to sell products throughout the United States (via www.amazon.com), including this judicial district. Because the Plaintiff has been unable to locate co2CREA, this complaint will identify co2CREA by its infringing mounting products ("Product 3" and "Product 4"), as shown in Figures 1-5 in Exhibit 3 (see www.amazon.com/co2CREA-Universal-Mounting-Bracket-Controller/dp/B00MMWCPMK) and Figures 6-11 in Exhibit 3 (see www.amazon.com/co2CREA-Amazon-Mounting-Silicone-Controller/dp/B00MMWRKUC).

7. Upon information and belief, Defendant Cosmos is a foreign entity with no known place of business. Defendant does not publically list any information regarding its place of business, and upon numerous requests, Defendant has refused to release any information regarding its place of business. Defendant sells and offers to sell products throughout the United

1  States (via www.amazon.com), including this judicial district. Because the Plaintiff has been
2  unable to locate Defendant, this complaint will identify Defendant by its infringing mounting
3  product ("Product 1"), as shown in Figures 1-3 in Exhibit 1 (see www.amazon.com/Cosmos-
4  MD199LL-AirPort-Express-Station/dp/B00C2JNGB2).

5      8. Upon information and belief, Jelly Comb is a foreign entity with no known place of
6  business. Defendant does not publically list any information regarding its place of business, and
7  upon numerous requests, Defendant has refused to release any information regarding its place of
8  business. Defendant sells and offers to sell products throughout the United States (via
9  www.amazon.com), including this judicial district. Because the Plaintiff has been unable to
10 locate Defendant, this complaint will identify Defendant by its infringing mounting products
11 ("Product 5" and "Product 6"), as shown in Figures 1-3 in Exhibit 4 (see
12 www.amazon.com/Generic-Universal-Holder-Mounting-Bracket/dp/B00MVRUUYQ) and
13 Figures 1-3 in Exhibit 5 (see www.amazon.com/Jelly-Comb-Silicone-Universal-
14 Mounting/dp/B00MVS7CFK).

15     9. Upon information and belief, Konsait is a foreign entity with no known place of
16 business. Defendant does not publically list any information regarding its place of business, and
17 upon numerous requests, Defendant has refused to release any information regarding its place of
18 business. Defendant sells and offers to sell products throughout the United States (via
19 www.amazon.com), including this judicial district. Because the Plaintiff has been unable to
20 locate Defendant, this complaint will identify Defendant by its infringing mounting products
21 ("Product 2," "Product 7" and "Product 8"), as illustrated by Figures 1-16 in Exhibit 2 (see
22 www.amazon.com/Konsait-Holder-Mounting-System-Bracket/dp/B00UN6RMT8 and
23 www.amazon.com/Konsait-Universal-skystreamx-Protective-Controller/dp/B00UN3Z82O), and
24 Figures 4-9 in Exhibit 5 (www.amazon.com/Konsait-Universal-Mounting-Protective-
25 Controller/dp/B00W7BKPD2 and www.amazon.com/Konsait-Universal-Mounting-Protective-
26 Controller/dp/B00TGLQX0A).

27

10. Upon information and belief, Oumers is a foreign entity with no known place of business. Defendant does not publically list any information regarding its place of business, and upon numerous requests, Defendant has refused to release any information regarding its place of business. Defendant sells and offers to sell products throughout the United States (via www.amazon.com), including this judicial district. Because the Plaintiff has been unable to locate Defendant, this complaint will identify Defendant by its infringing mounting product ("Product 2"), as illustrated by Figures 1-16 in Exhibit 2 (see www.amazon.com/Universal-Mounting-Bracket-AirPort-Express/dp/B00UL4BSUQ).

11. Upon information and belief, Defendant Shenzhen Hapurs Technology Co., Limited is a corporation organized and existing under the laws of China, with a place of business at 6/F Minle Technology Building, No. 3 Minle Industrial Park, Minzhi Longhua District Shenzhen 518131 China. Upon information and belief, Defendant sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services that perform infringing processes into the stream of commerce knowing that they would be sold in this judicial district and elsewhere in the United States.

12. Upon information and belief, Susan's Gadgets is a foreign entity with no known place of business. Defendant does not publically list any information regarding its place of business, and upon numerous requests, Defendant has refused to release any information regarding its place of business. Defendant sells and offers to sell products throughout the United States (via www.amazon.com), including this judicial district. Because the Plaintiff has been unable to locate Defendant, this complaint will identify Defendant by its infringing mounting product ("Product 2"), as illustrated by Figures 1-16 in Exhibit 2 (see www.amazon.com/Universal-Holder-Mounting-Bracket-Select/dp/B00SL9XUZE).

13. Upon information and belief, Turcom is a foreign entity with no known place of business. Defendant does not publically list any information regarding its place of business, and upon numerous requests, Defendant has refused to release any information regarding its place of business. Defendant sells and offers to sell products throughout the United States (via

www.amazon.com), including this judicial district. Because the Plaintiff has been unable to locate Defendant, this complaint will identify Defendant by its infringing mounting products ("Product 9"), as shown in Figures 1-5 in Exhibit 6 (see www.amazon.com/Turcom-Apple-TV-Mounting-Kit/dp/B00MQ5I5X6).

14. Upon information and belief, Tvoka is a foreign entity with no known place of business. Defendant does not publically list any information regarding its place of business, and upon numerous requests, Defendant has refused to release any information regarding its place of business. Defendant sells and offers to sell products throughout the United States (via www.amazon.com), including this judicial district. Because the Plaintiff has been unable to locate Defendant, this complaint will identify Defendant by its infringing mounting product ("Product 2"), as illustrated by Figures 1-16 in Exhibit 2 (see www.amazon.com/Universal-Holder-Mounting-Bracket-Select/dp/B00SL9XUZE).

**JURISDICTION AND VENUE**

15. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

16. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

17. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c).

18. Upon information and belief, each Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods provided to individuals and business in the Commonwealth of Pennsylvania. Further, this Court has personal jurisdiction over Defendants because Defendants have purposely availed itself of the privileges and benefits of the laws of the Commonwealth of Pennsylvania, at least by selling and offering to sell its products into the Commonwealth of Pennsylvania.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,988,616**

19. The allegations set forth in the foregoing paragraphs 1 through 17 are incorporated into this First Claim for Relief.

20. On March 24, 2015, U.S. Patent No. 8,988,616 ("the '616 patent"), entitled "Mounting Systems for Digital Media Players," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '616 patent is attached as Exhibit 7.

21. Innovelis is the assignee and owner of all right, title and interest in and to the '616 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

22. Upon information and belief, each Defendant has and continues to directly infringe one or more claims of the '616 patent under 35 U.S.C. § 271, including at least claims 1-30, by making, using, selling, importing and/or providing and causing to be used mounting products such as the products illustrated in Exhibits 1 through 6.

23. Innovelis has been harmed by each Defendant's infringing activities.

**JURY DEMAND**

23. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Innovelis demands a trial by jury on all issues triable as such.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Innovelis demands judgment for itself and against Defendants as follows:

A. Equitable relief in the form of a preliminary injunction against the Defendants and its officers, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting or participating with the Defendants, precluding the manufacture, use, sale, or offer for sale of any product that infringes the '616 patent;

B. An adjudication that the Defendants have each infringed the '616 patent;

C. Equitable relief in the form of a permanent injunction against the Defendants and its officers, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting or

participating with the Defendants, precluding the manufacture, use, sale, or offer for sale of any product that infringes the '616 patent;

  D. An award of damages to be paid by Defendants adequate to compensate Innovelis for each Defendant's past infringement of the '616 patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

  E. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

  F. An award to Innovelis of such further relief at law or in equity as the Court deems just and proper.

Dated: 5/13/2015

*/s/ Wesley E. Schwie*
Wesley E. Schwie
Pennsylvania Attorney I.D. No. 314032
**Schwie Law, LLC**
122 New Street #3A
Philadelphia, PA 19106
Telephone: 651-428-9828
Email: wes@schwielaw.com

*Attorney for Innovelis, Inc.*