## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**INNOVELIS, INC.**

**Plaintiff**

**v.**

**AUCH,** *et al.*

**Defendants**

**CIVIL ACTION
NO. 15-02661**

## ORDER

**AND NOW**, this 13th day of August, 2015, upon consideration of Plaintiff's Status Report on Service of Process (Doc. No. 11), it is **ORDERED** that:

1. Pursuant to Federal Rules of Civil Procedure 4(f)(3) and 4(h)(2), Plaintiff is authorized to serve a copy of the summons and complaint in this action upon Defendants AUCH; Boompow International; co2CREA; Cosmos; Konsait; Oumers, Inc.; Susan's Gadgets; Turcom; and Tvoka via email through Amazon.com's message portal[1];

---

[1]    The listed Defendants are all alleged to be foreign entities with unknown addresses. (*See* Compl. ¶¶ 4-11, Doc. No. 1.)  The Court previously denied Plaintiff's request for default judgment, finding Plaintiff's unauthorized attempt to serve Defendants via email through Amazon.com's message portal was insufficient. (*See* Order, Doc. No. 9.)  Since that time, Plaintiff has made diligent efforts to locate Defendants and serve them through traditional means. (*See* Status Report, Doc. No. 11.)  These efforts have failed.

Federal Rules of Civil Procedure 4(f)(3) and 4(h)(2) allow a court to authorize service upon foreign entities "by other means not prohibited by international agreement."  Courts have found service upon foreign entities by email to be a proper alternative means of service, especially where, as here, plaintiffs have made diligent efforts to locate the defendants and serve them by traditional means. *See, e.g.*, *MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co., Ltd.*, No. 08-cv-2593, 2008 WL 5100414, at *2 (N.D. Ill. Dec. 1, 2008).  The Court likewise finds that service by email through a message portal is permitted by Federal Rule of Civil Procedure 4(f)(3).

Any means of service ordered under Federal Rule of Civil Procedure 4(f)(3), however, must satisfy the requirements of constitutional due process.  That is, it must be reasonably calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950); *see also, e.g.*, *F.T.C. v. PCCare247 Inc.*, No. 12 Civ 7189, 2013 WL 841037, at *6 (S.D.N.Y. Mar. 7, 2013).  Here, the Court finds that the proposed method of service satisfies this requirement.  All of the Defendants sell products on Amazon.com and all of them have communicated with Plaintiff

2.   Plaintiff must attach a copy of this Order to the process served on the above

Defendants.


BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

through Amazon's message portal in the past.  (*See* Certificates of Service, Doc. Nos. 4, 6.)  It is reasonable to believe that an email sent in this manner will reach the intended recipient.  As a result, emailing Defendants process through the message portal is reasonably calculated to apprise them of this action so that they may present a defense.

Finally, any ordered means of service must not be prohibited by international agreement.  Fed. R. Civ. P. 4(f)(3).  This "international agreement" would typically be the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention").  However, because Defendants' addresses are unknown, the Hague Convention does not apply.  *See Braverman Kaskey, P.C. v. Toidze*, 599 F. App'x 448, 452 (3d Cir. 2015) ("When a defendant's address is unknown, as is the case here, the Hague Convention shall not apply.") (quotation omitted).  In the absence of the applicability of the Hague Convention, the Court is not aware of any other international agreement that prohibits service of process by email.

The Court accordingly authorizes Plaintiff to serve the above-named Defendants via email through Amazon.com's message portal.  Plaintiff must include a copy of this Order when serving those Defendants.