IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INNOVELIS, INC. *Plaintiff,* v. AUCH, *et al.* *Defendants.* | CIVIL ACTION NO. 15-02661 |

**PAPPERT, J.**                                                                                             **MAY 19, 2016**

**MEMORANDUM**

On May 13, 2015, Innovelis, Inc. ("Plaintiff" or "Innovelis") sued Auch, Boompow International, co2CREA, Cosmos, Jelly Comb, Konsait, Oumers, Shenzhen Hapurs Technology Co., Susan's Gadgets, and Tvoka (collectively "Defendants") alleging that they infringed on a patent it owns.[1] (*See generally* Compl., ECF No. 1.) Innovelis, a designer and seller of mounting devices for media players, claims that the Defendants are infringing on U.S. Patent No. 8,988,616 ("the '616 Patent") by "using, selling, importing and/or providing and causing to be used" certain mounting devices (the "Products"). (*Id.* ¶ 22; *see id.*, Exs. 1–7.) After the Defendants did not file an answer or motion to dismiss, Innovelis requested default against all Defendants (ECF No. 7) and then filed a motion for default judgment on June 19, 2015. (ECF No. 8.)

The Court denied the motion on June 29, 2015 because Innovelis failed to demonstrate that it properly served the summons and complaint upon the Defendants. (ECF No. 9.) On August 13, 2015 the Court authorized service upon the Defendants via email through Amazon.com's message portal pursuant to Federal Rules of Civil Procedure 4(f)(3) and 4(h)(2).

---

[1]    Innovelis voluntarily dismissed an eleventh defendant, Turcom, on September 4, 2015. (ECF No. 13.)

(ECF No. 12.) Innovelis served the summons and complaint on the Defendants in that manner and filed certificates of service demonstrating that it had done so. (ECF No. 14.) It filed a second request for default (ECF No. 16), and on November 30, 2015 filed a motion for default judgment against all Defendants pursuant to Rule 55(b)(2). (ECF No. 20.) In addition, it seeks a permanent injunction against Defendants precluding them from, among other things, selling the Products. (*Id.*)

## I.

"A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citations and internal quotation marks omitted). "Before a court may enter default judgment against a defendant, the plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond to the complaint within the time provided by the Federal Rules . . . ." *E.A. Sween Co., Inc. v. Deli Exp. Of Tenafly, LLC*, 19 F. Supp. 3d 560, 567 (D.N.J. 2014).

Rule 55(b)(2) authorizes a district court to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

Innovelis has demonstrated that it properly served the summons and complaint in a manner consistent with the Court's August 13, 2015 Order and the Defendants have failed to

answer or otherwise respond.  Further, the three factors articulated in *Chamberlain* all weigh in favor of granting the motion for default judgment.

First, denying the motion will prejudice Innovelis by permitting Defendants to continue to infringe on the '616 Patent.  *See Frank Music Corp. v. Emerson's Pub, Inc.*, No. 08-0532, 2009 WL 744964, at *1 (M.D. Pa. Mar. 18, 2009) ("If default is denied, plaintiffs face the prejudice of being unable to proceed with this action and the potential continued infringement of their copyrighted works.").  Second, by failing to appear and participate in the litigation Defendants "have not asserted any defense to Plaintiffs' claims."  *Broad. Music, Inc. v. George Moore Enterprises, Inc.*, No. 15-215, 2016 WL 1639907, at *1 (W.D. Pa. Apr. 25, 2016).  Finally, Defendants' delay in responding to the complaint "is due to their culpable conduct because they have failed to appear or to defend this action."  *Id.*  The Court accordingly finds that default judgment should be granted against Defendants.

**II.**

Innovelis also requests the Court to issue a "permanent injunction against the Defendants . . . precluding the manufacture, use, sale, or offer for sale of all products . . . which infringe the '616 patent."  (Pl.'s Mot. at 1–2.)

Section 283 of the Patent Act permits the Court to "grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable."  35 U.S.C. § 283.  A patent holder seeking a permanent injunction must demonstrate that: (1) it has suffered irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate compensation; (3) a remedy in equity is warranted considering the balance of hardships between the plaintiff and defendant; and (4) that the public

interest would not be disserved by a permanent injunction. *eBay Inc. v. Mercexchange, L.L.C.*, 547 U.S. 388, 393 (2006).

Innovelis has demonstrated that is has suffered irreparable injury and that remedies at law are inadequate compensation. Since the factual allegations in the complaint are to be taken as true, the Court must accept the claim that the Defendants are infringing on the '616 Patent and "the Court may issue a permanent injunction." *Innovative Office Products, Inc. v. Amazon.com, Inc.*, No. 10-4487, 2012 WL 1466512, at *4 (E.D. Pa. Apr. 26, 2012); *Rhino Associates, L.P. v. Berg Mfg. & Sales Corp.*, 531 F. Supp. 2d 652, 657 (M.D. Pa. 2007) ("[T]he allegation of infringement is taken as true for the purpose of the instant motion only and the court will issue a permanent injunction.").

Remedies at law are inadequate compensation because, due to the Defendants' absence, Innovelis is unable to determine the extent of the monetary loss caused by their infringement. Defendants did not respond to Innovelis's request to provide it with an accounting of sales of the Products. (Pl.'s Mot. for Default J. ("Pl.'s Mot.") at 3, ECF No. 20.) The Defendants' failure to respond to that request, combined with its failure to participate in this litigation has prevented Innovelis "from discovering the full extent of damages that it could recover." *Innovative Office Products, Inc.*, 2012 WL 1466512, at *4 (granting permanent injunction). Their absence has "irreparably harmed Plaintiff and demonstrate[s] the inadequacy of a remedy at law." *Id.* (citation omitted).

A balance of hardships also weighs in favor of granting a permanent injunction. Innovelis, a company that operates in the relatively niche market of designing and selling mounting devices for media players, has demonstrated that the Defendants' infringement has harmed its business. (Compl. ¶ 23.) There is nothing in the record to suggest that a permanent

injunction would damage Defendants' businesses.  *See Judkins v. HT Window Fashions Corp.*, 704 F. Supp. 2d 470, 477–78 (W.D. Pa. 2010) (finding balance of hardships factor to favor permanent injunction where there was no evidence that a permanent injunction "would have a serious effect on [defendant's] business").  Further, "the injury a defendant might suffer if an injunction were imposed may be discounted by the fact that the defendant brought that injury upon itself."  *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 728 (3d Cir. 2004).  Here, any hardship to Defendants is discounted by the fact that they have infringed on the '616 Patent.  Innovelis has accordingly demonstrated that a balance of hardships weighs in favor of granting the permanent injunction.

Finally, there are no facts to suggest that the public will be significantly affected by granting a permanent injunction.  To the contrary, "were an injunction not issued, there would be harm to the public's interest in having patent rights enforced and protected in the courts."  *Judkins*, 704 F. Supp. 2d at 478.

An appropriate Order follows.

                                                BY THE COURT:

                                                */s/ Gerald J. Pappert*
                                                GERALD J. PAPPERT, J.